**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM JOHNSON,**<br>　　　　　**Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **CYNTHIA LINK,**<br>**THE DISTRICT ATTORNEY OF THE**<br>**COUNTY OF PHILADELPHIA, and**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF PENNSYLVANIA,**<br>　　　　　**Respondents.** | **NO.  17-2624** |

## O R D E R

**AND NOW**, this 1st day of December, 2020, upon consideration of the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, William Johnson (Document No. 5, filed September 11, 2017), the record in this case, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated December 23, 2019 (Document No. 33), and petitioner's Objections to the Report and Recommendation (Document No. 40, filed February 26, 2020), **IT IS ORDERED** as follows:

1.　　　　The Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated December 23, 2019, is **APPROVED** and **ADOPTED**;

2.　　　　Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

3.　　　　The Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, William Johnson, is **DENIED**;

4.　　　　To the extent that petitioner requested an evidentiary hearing in his Objections to the Report and Recommendation, petitioner's request is **DENIED** on the ground that all relevant facts are matters of record.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate this Court's decision that the Amended Petition does not state a valid claim of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

1.      The facts of the case are detailed in the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated December 23, 2019 ("R & R"), which the Court has approved and adopted.  The Court writes at this time only to explain its rulings on petitioner's Objections to the Report and Recommendation.

2.      Petitioner objects to Judge Strawbridge's analysis of the following claims in the Amended Petition: (a) petitioner's first claim, which alleges his counsel was ineffective for failing to investigate additional witnesses and present impeachment evidence of the drug addiction of a Commonwealth witness, Francis Bruce; (b) petitioner's fourth claim, which alleges his counsel was ineffective for failing to object to the wording of a jury instruction on eyewitness testimony; and (c) petitioner's sixth claim, which alleges he is entitled to relief based on the cumulative prejudice of the failures stated in his first and fourth claims.

3.      Under his first claim, petitioner argues that Judge Strawbridge (a) "improperly conduct[ed] separate analyses" of counsel's failure to investigate additional witnesses and present impeachment evidence; (b) "incorrectly granted AEDPA deference to the state court's decision" because it "was made without [petitioner] having been granted an evidentiary

hearing";[1] and (c) "wrongly concluded . . . that counsel did not perform deficiently."  Pet.'s Obj. at 5.  Petitioner's objections on these grounds are overruled for the reasons that follow.

First, the Court rejects petitioner's argument that Judge Strawbridge "improperly conduct[ed] separate analyses" of counsel's failure to investigate additional witnesses and present impeachment evidence.  *Id.*  Judge Strawbridge gave due consideration to all of petitioner's arguments.  Furthermore, regardless of whether those arguments are considered as part of one claim or as multiple claims, the result is the same because, for the reasons stated in the R & R, none of petitioner's claims and arguments have merit.

Second, the Court rejects petitioner's argument that Judge Strawbridge erred by "ignor[ing] that the state court's decision was made without . . . an evidentiary hearing."  *Id.*  The "AEDPA, unlike prior law, has no requirement that the state court hold a hearing or comply with other prerequisites to deference listed in the previous habeas statute."  *Rolan v. Vaughn*, 445 F.3d 671, 679 (3d Cir. 2006); *see also Moore v. Diguglielmo*, 489 F. App'x 618, 625 n.3 (3d Cir. 2012) ("The [Pennsylvania] Superior Court's refusal to grant [petitioner] an evidentiary hearing on his claims does not mean that its decision was not an adjudication on the merits.").

Third, the Court rejects petitioner's argument that Judge Strawbridge "wrongly concluded . . . that counsel did not perform deficiently."  Pet.'s Obj. at 5.  This argument is fully addressed in the R & R with which the Court completely agrees.

4.     Under his fourth claim, petitioner argues that Judge Strawbridge "erred by relying on the Pennsylvania Supreme Court's 2007 approval of a charge similar to that given in [petitioner's] case to conclude that the state court 'was not unreasonable' in determining that

---

[1]     Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a petitioner's claim "was adjudicated on the merits in State court proceedings," federal courts review that decision with deference. 28 U.S.C. § 2254(d).

counsel's failure to object to the charge fifteen years earlier [in this case] 'was not deficient.'"
*Id.* at 12 (quoting R & R at 33).

The Court rejects petitioner's argument with respect to the jury charge on eyewitness testimony. As Judge Strawbridge correctly stated, the six justices of the Pennsylvania Supreme Court who took part in the decision unanimously denied relief on this claim, but split "three-three" as to the reasoning. R & R at 31 n.12.

Three Justices—Justices Wecht, Baer, and Dougherty—concluded that the instruction "imparted to the jurors the necessary and relevant information." *Commonwealth v. Johnson*, 635 Pa. 665, 705 (2016). On the other hand, Chief Justice Saylor authored a concurring opinion joined by Justices Todd and Donohue, stating that the trial court's instruction was "internally inconsistent." *Id.* at 719 (Saylor, C.J., concurring). Nevertheless, Chief Justice Saylor concluded that (a) "this Court has previously approved a similarly diluted charge concerning eyewitness identification"; and (b) he "support[s] the outcome [of denying petitioner's fourth claim] based on the prejudice prong of the ineffectiveness inquiry, in light of the substantial evidence adduced against [petitioner], and since the relevant jury charge ultimately did conclude with a correct statement of law." *Id.*

This Court is in complete agreement with Judge Strawbridge's conclusion that, "[c]onsidering the rationales articulated by the two sets of justices . . . the court was not unreasonable in determining that counsel's performance was not deficient when he failed to object to the instruction given by the court on identification." R & R at 33. The Court thus overrules petitioner's objection on this issue.

5.    Under his sixth claim, petitioner argues Judge Strawbridge "fail[ed] to recognize" the Pennsylvania Supreme Court did not conduct a reasonable "cumulative analysis of the cumulative prejudice" from petitioner's first and fourth claims.  Pet.'s Obj. at 14–15.

The Third Circuit has held that "[i]ndividual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process."  *Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008).

The Court concludes that the failures alleged in petitioner's first and fourth claims did not undermine the fundamental fairness of petitioner's trial.  As Judge Strawbridge correctly stated in the R & R: (a) the Pennsylvania Supreme Court reasonably concluded that potential testimony from additional witnesses "would have been 'cumulative,' 'insignificant' or 'immaterial,'" and (b) petitioner's counsel did in fact cross-examine Ms. Bruce about her drug use and "did question its effects."  R & R at 13, 15 (quoting *Johnson*, 635 Pa. at 710–12).  Furthermore, as discussed in Paragraph 4 of this Order, the challenged jury instruction on eyewitness testimony is "similar[]" to one that was previously approved by the Pennsylvania Supreme Court.  *Johnson*, 635 Pa. at 719 (Saylor, C.J., concurring).  Petitioner's objection with respect to this issue is therefore overruled.

BY THE COURT:

**/s/ Hon. Jan E. DuBois**

_____

**DuBOIS, JAN E., J.**